**SMITH–WYNN POST NO. 96, VETERANS OF FOREIGN WARS OF THE UNITED STATES, a corporation, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 1701–N.**

United States District Court
M. D. Alabama, N. D.

Aug. 16, 1961.

Duke & Thorington, Montgomery, Ala., for plaintiff.

Louis F. Oberdorfer, Asst. Atty. Gen., Lyle M. Turner, Charles Mehaffy, Thomas A. Frazier, Jr., William C. Golden, attys., U. S. Dept. of Justice, Washington, D. C., and Hartwell Davis, U. S. Atty., Montgomery, Ala., for defendant.

JOHNSON, District Judge.

This cause is now submitted upon the motion of the United States of America made pursuant to Rule 12(b) (6) of the Federal Rules of Civil Procedure, 28 U.S. C.A., wherein the United States seeks to have this Court dismiss the taxpayer's complaint for failure to state a claim upon which relief may be granted.

The taxpayer, Smith-Wynn Post No. 96 Veterans of Foreign Wars of the United States, is a post of war veterans organized in the United States and in-

corporated in the State of Alabama with its principal office and place of business being located in the City of Montgomery, Alabama. Taxpayer operates as a subordinate unit of its post a club where music and dancing privileges are afforded its patrons in connection with the service of selling food, refreshments, etc.

On or about February 21, 1961, taxpayer filed with the District Director of the Internal Revenue Service for the District of Alabama at Birmingham, Alabama, its excise tax return for the calendar quarter ending March 31, *1955*, and paid the tax shown thereon to be due of $2,760.33, a penalty of $690.08 and interest of $961.84. A claim for refund of these amounts (totaling $4,-412.25) was duly filed by the taxpayer, and on March 9, 1961, this claim for refund was disallowed by the defendant.[1] This action was thereafter duly and timely filed.

The only question before the Court at this time is whether the so-called "cabaret" tax imposed by § 4231(6), Internal Revenue Code of 1954[2] is a form of admissions tax and thereby included within the phrase "*any admissions*" appearing in § 4233(a) (1) (A), resulting in the exemptions provided in § 4233(a) (1) (A) (vi) being applicable to the tax imposed by paragraph (6) of § 4231. More concisely: Does the exemption from the tax levied on "any admissions" which is granted to veterans' organizations by § 4233(a) (1) (A) (vi) exempt such an organization from the payment of cabaret taxes?

The question presented in this case is one of first impression. The scope of the exemption in issue therefore must be determined on the basis of the language of the applicable statutes, the legislative history thereto, and the construction and interpretation of the matter by the agency charged with its administration.

■■ The primary rule of statutory construction—in the absence of prior court decisions—is for the interpreting court to ascertain, if possible, the intent of the legislating body. United States v. N. E. Rosenblum Truck Lines, Inc., 315 U.S. 50, 62 S.Ct. 445, 86 L.Ed. 671. In ascertaining this intent, no one invariable rule is controlling, and when, as in this instance, the statutes under consideration leave some doubt as to the intent of the Congress, it is entirely proper to use the aids of "legislative history" and "administrative construction." Burnet v. Chicago Portrait Co., 285 U.S. 1, 52 S. Ct. 275, 76 L.Ed. 587.

An analysis of the provision of § 4231 leaves some doubt in the mind of the Court on the question of whether the tax on admissions is separate from the tax placed upon " * * * all amounts paid for admission, refreshment, service, or merchandise, at any roof garden, cabaret, or other similar place furnishing a public performance for profit * * *." As a matter of fact, the indications from this statute alone are confusing in that the section on "cabarets" appears under the general heading "Admissions" and the subheading "Imposition of tax."[3] On the other hand, in addition to the different base upon which the two taxes are levied, it is provided that the admission tax "shall be paid by the person paying for such admission" with the proprietor acting only as the collecting agent, whereas in the case of the cabaret tax, "The tax * * * shall be returned and paid by the person receiving such payments" (the proprietor). In addition, an intended difference between the admission tax and the cabaret tax is indicated by the last sentence of the "cabaret" paragraph of § 4231, reading: "No tax shall be applicable under paragraphs (1) [general admission tax] or (2) on account of an amount paid with respect to

---

1. This action puts in issue only three months of the period between January 1950 and the third quarter of 1960.

2. All code sections refer to Internal Revenue Code of 1954 and the pertinent parts of the sections involved in this matter are set out in Appendix I to this opinion.

3. However, in this connection see § 7806 as set out in the Appendix.

which tax is imposed under this [cabaret tax] paragraph."

In addition to the above, it is further indicated that the cabaret tax was not intended by Congress to be a tax on admissions; otherwise, it would have been unnecessary for Congress to include in the "cabaret paragraph" of § 4231 the provision that a tax would be imposed on " * * * all amounts paid for admission * * *" when such an admission charge is specifically imposed under subsection (1) [general admission paragraph] of § 4231.

Furthermore, there is a strong indication in § 4232(a) that the term "any admissions" as used in the exemption section [4233(a) (1) (A)] was not intended to exempt war veteran organizations from being taxed for "refreshments" and "merchandise." Section 4232(a) states that " 'admission' as used in this chapter includes seats and tables, * * * and other similar accommodations, and the charges made therefor."

As to the legislative history of §§ 4231 (6) and 4233(a) (1) (A), it appears there has been some confusion. These sections originated in the Revenue Act of 1917 as a part of § 700.[4] That section levied a tax on charges for admission to cabarets when the charge was "wholly or in part included in the price paid for refreshment, service, or merchandise; the amount paid for such admission to be deemed to be 20 per centum of the amount paid for refreshment, service, and merchandise * * *." This tax was imposed on the patron and clearly authorized the imposition of an admission tax to be made upon the basis of a percentage of the amount paid for refreshment, service and merchandise. The Revenue Act of 1918 seems to have codified the action of the Internal Revenue Commissioner in his ruling imposing such a tax.

Sections 541 and 542 of the Revenue Code of 1941 [5] treated the tax on admissions (§ 541) separately from the tax on cabarets (§ 542). It is also significant to note that the nature of the cabaret tax was changed from that first set up by the 1917 Code, and the liability for the payment of the tax was shifted from the patron to the person receiving the payment. As to the exemptions previously granted from the imposition of an admissions tax—they were removed. In this connection, the Committee Report that concerned these changes stated that "Certain admission charges exempted from tax under existing law * * * are denied exemption under the bill." House Rep. No. 1040, 77th Cong., 1st Session, page 31.

In 1951 Congress again made some changes in the Revenue Code that are pertinent to the question here under consideration. Section 402 in the 1951 Code, dealing with exemptions from admissions tax, indicates that the stated exemptions were limited in their applicability to the tax on admissions. The language of the 1951 Internal Revenue Section 402, § 404 (cabaret tax) and the history of these sections [6] refer not only to the cabaret tax and admission tax separately, but, in addition, make no mention of any exemption granted where the cabaret is owned by an organization such as a war veterans' organization.

Thus we find that the legislative history of the laws under scrutiny indicates a congressional intent not to apply the exemption granted § 4233(a) (1) (A) (vi) to the cabaret tax.

With the above in mind, the application of the law and the reasoning in making that application on the part of the Internal Revenue Service to the facts in question seems logical and reasonable.[7] This application was made by the Inter-

4. The pertinent parts of the statutes referred to in the "legislative history" section of this opinion are set out in Appendix II.

5. See Appendix II.

6. House Rep. No. 586, 82nd Cong., 1st Sess., pp. 53, 67 and 126.

7. Revenue Ruling 60–173, 1960; 1 Cum. Bull. 514.

nal Revenue Service at the request of the taxpayer in the following language:

"Where a post of war veterans operates a room in which food or refreshment is served or sold, entertainment is provided in connection therewith, and the general public is admitted, the entertainment provided is a public performance for profit at a roof garden, cabaret, or other similar place for purposes of the cabaret tax. The exemption provided by section 4233(a) (1) (A) (vi) of the Internal Revenue Code of 1954 applies only to the admissions tax and does not apply to the cabaret tax imposed by paragraph (6) of section 4231 of the Code. Accordingly, the cabaret tax applies to all amounts paid for admission, refreshment, service, or merchandise by or for any patrons or guests (including members of the post of war veterans) who are entitled to be present during any part of the entertainment.

"Advice has been requested whether the club room described below is a cabaret for purposes of the cabaret tax imposed by paragraph (6) of section 4231 of the Internal Revenue Code of 1954. If such club room is determined to be a cabaret, further advice has been requested whether the exemption from tax provided by section 4233(a) (1) (A) (vi) of the Code applies to the cabaret tax under the circumstances set forth below."

\*    \*    \*    \*    \*

"With respect to the applicability of the exemption provided by section 4233(a) (1) (A) (vi) of the Code, it is pointed out that the admissions tax and the cabaret tax are two entirely separate and different types of taxes, even though both taxes are imposed under the same section of the Code. See Rev.Rul. 59–295, C.B. 1959–2, 420. The fact that the broad term 'admissions' is used to refer generally to both taxes is not considered significant. Paragraphs (1) and (2) of section 4231 of the Code

impose an admissions tax, which is one of the so-called 'collected' excise taxes imposed upon payments for certain facilities and services. The person receiving payment for the admission is the collecting agency which reports and remits the tax to the Government. However, paragraph (6) of section 4231 of the Code imposes the cabaret tax, which is one of the 'incurred' taxes. The person who receives payment for admission, refreshment, service, or merchandise at any roof garden, cabaret, or other similar place incurs liability for the cabaret tax.

"The fact that the admissions tax and the cabaret tax are two separate taxes also is emphasized by the provision contained in the last sentence of paragraph (6) of the section 4231 of the Code. This sentence provides that the admissions tax imposed by paragraphs (1) or (2) of section 4231 of the Code does not apply to an amount paid with respect to which the cabaret tax imposed by paragraph (6) of the Code is applicable. Furthermore, see the House of Representatives Report No. 586, 82nd Cong., C.B. 1951–2, 357, at 395, concerning the Revenue Act of 1951, wherein the exemption here in question is mentioned in section 402, relating to 'general admissions,' but is not mentioned in section 404, relating to 'cabarets.'

"In view of the foregoing statements relating to the applicability of the exemption, it is further held that the exemption from tax provided by section 4233(a) (1) (A) (vi) of the Code applies only to the admissions tax and does not apply to the cabaret tax imposed by paragraph (6) of section 4231 of the Code. Accordingly, under the circumstances described above, the cabaret tax applies to all amounts paid for admission, refreshment, service, or merchandise by or for any patrons or guests (including members of the post of war veterans) who are en-

titled to be present during any part of the entertainment."

██ For the foregoing several reasons, this Court must conclude that the admissions tax and the cabaret tax are two entirely separate and different types of tax and that the exemption provided by § 4233(a) (1) (A) (vi) of the Internal Revenue Code of 1954 applies only to the admissions tax that is imposed by paragraphs (1) and (2) of § 4231 and does not apply to the cabaret tax imposed by paragraph (6) of § 4231. Accordingly, the cabaret tax applies to all amounts paid for admission, refreshment, service, or merchandise by or for any patrons or guests of the taxpayer.

The foregoing findings and conclusions, having been incorporated in this memorandum opinion as authorized by Rule 52, Federal Rules of Civil Procedure, being decisive of the issues between the litigants, the motion of the United States to dismiss is due to be granted. A formal order will be entered accordingly.

## Appendix I

### Statutes Involved

Internal Revenue Code of 1954:

"§ 4231. Imposition of tax

"There is hereby imposed:

\* \* \* \* \* \*

"(6) *Cabarets.*—A tax \* \* \* [on] all amounts paid for admission, refreshment, service, or merchandise, at any roof garden, cabaret, or other similar place furnishing a public performance for profit, by or for any patron or guest who is entitled to be present during any portion of such performance. \* \* \*" (26 U.S.C. 1958 ed., § 4231.)

"§ 4232. Definitions

"(a) *Admission.*—The term 'admission' as used in this chapter includes seats and tables, reserved or otherwise, and other similar accommodations, and the charges made therefor. \* \* \*" (26 U.S.C. 1958 ed., § 4232.)

"§ 4233. Exemptions

"(a) *Allowance.*—No tax shall be imposed under section 4231 in respect of:

"(1) *Certain religious, educational, or charitable entertainments, etc.—*

"(A) *In general.*—Except as provided in subparagraph (C), any admissions all the proceeds of which inure exclusively to the benefit of—

\* \* \* \* \* \*

"(vi) \* \* \* posts or organizations of war veterans, or auxiliary units or societies of any such posts or organizations, if such posts, organizations, units, or societies are organized in the United States or any of its possessions;

\* \* \* \* \* \*

if no part of the net earnings thereof inures to the benefits of any private stockholder or individual." (26 U.S.C. 1958 ed., § 4233.)

"§ 7701. Definitions

\* \* \* \* \* \*

"(b) *Includes and including.*—The terms 'includes' and 'including' when used in a definition contained in this title shall not be deemed to exclude other things otherwise within the meaning of the term defined. \* \* \*" (26 U.S. C. 1958 ed., § 7701.)

"§ 7806. Construction of title

\* \* \* \* \* \*

"(b) *Arrangement and classification.*—No inference, implication, or presumption of legislative construction shall be drawn or made by reason of the location or grouping of any particular section or provision or portion of this title, nor shall any table of contents, table of cross references, or similar outline, analysis, or descriptive matter relating to the contents of this title be given any legal effect. \* \* \*" (26 U.S.C. 1958 ed., § 7806.)

## Appendix II

Revenue Act of 1917, c. 63, 40 Stat. 300:

"§ 700. That from and after the first day of November, nineteen hundred and seventeen, there shall be levied, assessed, collected, and paid (a) a tax of 1 cent for each 10 cents or fraction thereof of the amount paid for admission to any place, including admission by season tick-

et or subscription, to be paid by the person paying for such admission * * *. * * * "

Internal Revenue Code of 1939:

"§ 1701. Exemptions from tax.

"No tax shall be levied under this subchapter in respect of—

"(a) [as amended by Sec. 402(b), Revenue Act of 1951, c. 521, 65 Stat. 452] *Certain Religious, Educational, or Charitable Entertainments, Etc.*—

"(1) *In general.*—Except as provided in paragraph (2), any admissions all the proceeds of which inure—

* * * * * *

"(B) exclusively to the benefit of National Guard organizations, Reserve officers' associations or organizations, posts or organizations of war veterans, or auxiliary units or societies of any such posts or organizations, if such posts, organizations, units, or societies are organized in the United States or any of its possessions, and if no part of their net earnings inures to the benefit of any private stockholder or individual; * * * " (26 U. S.C. 1952 ed., § 1701.)

Revenue Act of 1941, c. 412, 55 Stat. 687:

"§ 541. Admissions tax.

* * * * * *

"(b) *Termination of Exemptions.*— Section 1701 of the Internal Revenue Code (relating to exemptions from admissions tax) shall not apply with respect to amounts paid, on or after the effective date of this Part, for admission. * * "

"§ 542. Cabaret, roof garden, etc., tax.

"(a) Imposition.—Section 1700(e) of the Internal Revenue Code is amended to read as follows:

"'(e) *Tax on Cabarets, Roof Gardens, Etc.*—

"'(1) *Rate.*—A tax equivalent to 5 per centum of all amounts paid for admission, refreshment, service, and merchandise, at any roof garden, cabaret, or other similar place furnishing a public performance for profit, if any payment, or part thereof, for admission, refreshment, service, or merchandise, entitles the patron to be present during any portion of such performance. No tax shall be applicable under subsection (a) (1) on account of an amount paid with respect to which tax is imposed under this subsection.

"'(2) *By Whom Paid.*—The tax imposed under paragraph (1) shall be returned and paid by the person receiving such payments.' "

Revenue Act of 1951, c. 521, 65 Stat. 452:

"§ 402. Exemptions from admissions tax.

"(a) *Reinstatement of Prewar Exemptions.*—Notwithstanding section 541 (b) of the Revenue Act of 1941, the provisions of section 1701 (relating to exemptions from the admissions tax) shall apply to amounts paid * * * for admissions * * *.

"(b) *Amendment of Section 1701(a) And (b).*—Subsections (a) and (b) of section 1701 (relating to exemption from admissions tax) are hereby amended to read as follows:

"'(a) *Certain Religious, Educational, or Charitable Entertainments, Etc.*—

"'(1) *In General.*—Except as provided in paragraph (2), any admissions all the proceeds of which inure— * * * '

* * * * * *

"'(B) exclusively to the benefit of * * * posts or organizations of war veterans * * * if no part of their net earnings inures to the benefit of any private stockholder or individual * * * ' * * *

"§ 404. Tax on cabarets, roof gardens, etc.

"(a) *Ballrooms and Dance Halls.*—Section 1700(e) (1) (relating to tax on cabarets, roof gardens, etc.) is hereby amended by inserting after the second sentence thereof the following new sentence: 'In no case shall such term include any ballroom, dance hall, or other similar place where the serving or selling of food, refreshment, or merchandise is merely incidental, unless such place would be considered, without the application of the preceding sentence, as a "roof gar-

den, cabaret, or other similar place." '

\* \* \* "

Internal Revenue Code of 1954:

"§ 4233. Exemptions.

"(a) *Allowance.*—No tax shall be imposed under section 4231 in respect of:

"(4) [as amended by Sec. 131(f), Excise Tax Technical Changes Act of 1958, P.L. 85–859, 72 Stat. 1275].

"*Swimming pools, etc.*—Any admissions to swimming pools, bathing beaches, skating rinks, or other places providing facilities for physical exercise (other than dancing) \* \* \* " (26 U.S.C. 1958 ed., § 4233.)